# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number **07-60966**

Jury Demand



MAGISTRATE JUDGE
SIMONTON

Bijan Jamkhu
10418 SW 49th Place
Cooper City, Florida 33328

v.

Nova Southeastern University
3301 College Avenue
Fort Lauderdale, Florida 33314

FILED by _____ D.C.
INTAKE

JUL 1 0 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

I, Bijan Jamkhu plaintiff, in the above styled cause, sues defendant Nova Southeastern University.

This action is filed under Employment Discrimination based on Nationality in violation of Title VII of the Civil Rights Act of 1964.

It is my belief that I was discriminated against because of my national origin. I am an Iranian born American who was employed for over 21 years at Nova Southeastern University (NSU) in Fort Lauderdale, Florida. I was fired without warning on June 1st, 2006 for an *alleged* incident, so minor in nature, that a reasonable person could only conclude that bias was the deciding factor in my dismissal.

For 21 years, I worked at NSU as a System Administrator. I was responsible for the care and upkeep of sensitive data files and equipment. During the first 15 years of my employment, I put in countless overtime hours working alone and without any extra compensation on evenings and weekends. I had full access to our computer hardware center, expensive equipment, and office supplies. Throughout my whole time at NSU I proved myself to be a man of high honor and integrity who did his job and never took any university property. I had enjoyed the respect of my supervisors until I noticed a shift in attitude towards me. This change occurred after the election of Iran's president, Mahmoud Ahmadinejad.

I had been in a regular routine of going to NSU's Recplex three days a week after work. When I finished exercising, I would take a walk around the campus and then head back to my office to do a little more work before heading home. One such evening, on May 17th, 2006, I became aware that I had lost two of my keys and started looking for them, looking under hedges and whatever was there. Shortly after I was stopped by a Davie, Florida policeman who said he thought he had seen me pull a plant out of the ground and toss it over a hedge. I tried to explain that I had lost my keys and was retracing my steps. I had just picked up a plant that was already lying on the ground while looking for my

keys. I told him I did not pull the plant out of the ground.
The next day, I told my immediate supervisor who laughed and thought the incident was nothing. That was it. That was the whole incident and I thought it was finished, but sadly it wasn't.

On Friday, May 26th, the head of our department called me into her office and told me I was being put on administrative leave because of that incident. She did not ask me for an explanation or give me any opportunity to present my side of the story. On June 1st, 2006, I was summoned back to the university for a meeting at Human Resources. The heads of our department were present and when I entered, they didn't say a word to me. I was merely handed a letter and told that the decision was made to fire me - effective immediately. At no time, was I given the courtesy to offer my side of the story. After all those years, I was dismissed for allegedly picking a plant out of the ground.

I filed an appeal but I was unable to get my position back because the head of our department did not want me to return citing "at this time of 'heightened security alert' it's not advisable to keep him employed at NSU." Just before the appeal decision was reached, my son, who had worked many years off and on at the university help desk, was suddenly let go. The reason given for his dismissal was that he had worked too many hours. It is hard to believe that such a faithful and trustworthy long-time employee could be treated with such disrespect and cruelty for so minor an alleged incident.

I believe for the following reasons I have been discriminated against based on nationality:

1. Throughout my 21 years at OIT, I had full access to expensive computer equipment and sensitive data. I never took so much as a pencil from my employer. My integrity and dedication to duty were known by all, within our department and throughout the university.

2. The year before my firing, without cause or explanation, Ginny McLain, OIT Vice President, and her executive director, Greg Horne, suddenly began to shun me.
   - They would no longer reply to my social greetings when we passed in the hallways.
   - I was not invited to attend staff meetings with my fellow system administrators or co-workers.
   This was about the time that the current Iranian president, Mahmoud Ahmadinejad was elected and began making anti-U.S. headlines.

3. The incident, which was alleged to be the cause of my dismissal, was the tossing of a plant over a hedge. There are some key elements in the handling of the incident which clearly show prejudicial and biased treatment.
   - The officer assumed I willfully pulled that plant out of the ground and tossed it over the hedge. As stated in his testimony, he did not see me pull the plant out of the ground.
   - I was accused of "stealing" something I did not have in my possession. The plant in question was valued at less than $1.00.
   - If the incident was believed, why was I accused of 'theft' and not vandalism? Why weren't formal charges filed against me by the police?
   - Why wasn't I extended the most fundamental employer-employee courtesy by being asked for my side of the story?
   - Why was I almost immediately banished from the university without ever once being asked 'what happened'. I was assumed guilty and my dismissal was already a fait accompli.

- Both Ms. McLain and Mr. Horne, having known my wife, my 6 children, and I for all of those years, would not say one word in my defense. On the contrary, they were adamantly stoic and united in their determination to have me removed from OIT and NSU

4. The statement made by Ms. McLain after the NSU grievance committee recommended I be allowed to find another position at NSU subtly suggests a threat of a terroristic nature. She said:

"Under the heightened security alert in the country, it is not advisable to keep him around."

That statement infers that I would be a security threat. The phrase 'heightened alert in the country' is understood to imply a possible terrorism threat. No reasonable person would take that to mean a national alert caused by alleged plant thieves.

5. EEOC found 14 other NSU employees who were discharged due to theft or alleged theft.
   - What was the values of the items they stole, were the items valued at more than $1.00?
   - Were they assumed to have stolen the items or was there clear evidence that a theft occurred?
   - Did they have over 21 years of irreproachable service and impeccable integrity at NSU working with easy access to expensive equipment and sensitive data?
   - Were formal charges brought against them by the police-if not, why not?
   - Finally, was the statement "Under the heightened security alert in the country it is not advisable to keep him around" voiced at their hearing?

6. The OIT department of NSU has an employee who during his employment, was convicted as a child predator. Upon conviction, special accommodations were made to allow him to work from the convenience of his home, while still maintaining access to personal information about students, including those in the private Nova University elementary, middle and high schools. I was only alleged to have stolen a plant, yet I was fired. Why wasn't I extended the same consideration?

Wherefore, I am seeking a formal written apology from those responsible for my dismissal, restoration of my good name and my position, compensation for emotional suffering and wages lost.

Signed this 10th day of July, 2007.

Bijan Jamkhu

954-880-0376                    bijanjamkhu@yahoo.com

10418 SW 49th Place
Cooper City, Florida 33328

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Bijan Jamkhu<br>10418 SW 49th Place<br>Cooper City, FL 33328 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15A-2007-00075 | Ozzie L. Black,<br>Deputy District Director | (305) 808-1827 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Federico Costales,
District Director

APR 1 2 2007
*(Date Mailed)*

Enclosures(s)

cc:   NOVA SOUTHEASTERN UNIVERSITY
c/o Panza, Maurer & Maynard, P.A.
Ms. Diane Lindstrom Beach
Bank of America Bldg, 3rd Floor
3600 North Federal Highway
Ft Lauderdale, FL 33308



MIAMI DISTRICT OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ONE BISCAYNE TOWER, SUITE 2700
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

7006 2760 0003 7658 5820





%JS 44 (Rev. 11/05)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS
JAMKHU, BIJAN

**CIV - HUCK**

(b) County of Residence of First Listed Plaintiff **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

**MAGISTRATE JUDGE SIMONTON**

**07-60966**

### DEFENDANTS
NOVA SOUTHEASTERN UNIVERSITY

County of Residence of First Listed Defendant **BROWARD**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
PANZA, MAURER, MAYNARD, PA
LAURA ALTON, ESQ.

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

0:07CV 60966-Huck
Simonton

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☒ 442 Employment |  | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | / ☐ 555 Prison Condition |  |  |  |

FILED by ___ INTAKE
JUL 10 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · FT. LAUD.

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                          DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 USC §1983
EMPLOYMENT DISCRIMINATION BASED ON NATIONALITY

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 07/10/2007

**FOR OFFICE USE ONLY**
AMOUNT _____   RECEIPT # IFP   IFP yes